## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHARON CLOUD,**

     **Plaintiff,**

     v.                                                  CASE NO.  22-3210-JWL-JPO

**STATE OF KANSAS, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  At the time of filing, Plaintiff was in custody at Larned State Hospital in Larned, Kansas.  On October 14, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 8).  The underlying facts and the Court's screening standards are set forth in the MOSC.

Plaintiff's claims involve her state criminal proceedings.  She claims she was arrested without probable cause and her car was seized without due process, her court-appointed attorney prolonged her time in jail and threatened Plaintiff that if she did not cooperate things would only get worse for her, the prosecutor labeled her as mentally ill, the state court judge mentally abused her by giving her a court-appointed attorney when she did not want one, and the judge threatened her with long-term jail and set a high bond based on her race and disability.  Plaintiff also alleges that she has been subjected to inhumane jail conditions at the Harper County Jail because she was denied access to the commissary and to phone calls.  Plaintiff's request for relief seeks relief from state control, freedom, and "punitive, monetary, compensatory, mental damages and court fees."  *Id.* at 8.

The Court found in the MOSC that it may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court also found that to the extent Plaintiff seeks relief from state control and freedom, such a challenge must be brought in a habeas action.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).

The Court also found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, she must show that her conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also found that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; the state court judge is entitled to judicial immunity; Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity; and Plaintiff has not shown that her state court defense attorney was acting under color of state law as required under § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312,

318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; Plaintiff presents no plausible basis for a claim of punitive damages because she alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; and Plaintiff has failed to state a claim regarding her conditions at the Harper County Jail that rises to the level of a constitutional violation.  To the extent she seeks injunctive relief, any request would be moot because she is no longer housed at the Harper County Jail.

In her response, Plaintiff notified the Court that she was transported back to the Harper County Jail on October 20, 2022.  (Doc. 8, at 1.)  She claims that during booking a jailer intentionally created a fraudulent name in the system which denied her access to the commissary and phone calls.  *Id*.  On November 15, 2022, Plaintiff notified the Court that she is no longer in custody.

Plaintiff's response fails to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 18, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**