IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON CLOUD,

      **Plaintiff,**

      v.                                            CASE NO. 22-3210-JWL-JPO

STATE OF KANSAS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Larned State Hospital in Larned, Kansas. Plaintiff has since been released from custody. On November 18, 2022, the Court entered a Memorandum and Order (Doc. 9) dismissing this case for failure to state a claim. After this case was closed, Plaintiff filed: a "Motion for This Court to Get Involve[d] in State Court or Monitor My Case Proceedings in State Court" (Doc. 12); a "Motion for Violation of Due Process" (Doc. 13); and a "Motion to Report Pretextual Arrest" (Doc. 14).

Plaintiff states that she feels she will not be treated fairly in her upcoming trial in state court, and asks this Court to monitor the case. Her other two motions deal with her loss of property, including the seizure of her vehicle and the loss of her phone which was in the vehicle.

This case is closed and nothing in Plaintiff's motions warrants reopening this case. The Court explained in its dismissal order why the Court is prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Furthermore, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994)

("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy.  *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).  Plaintiff's motions are denied and this case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 12, 13, 14) are **denied.**  This case remains closed.

**IT IS SO ORDERED**.

**Dated November 23, 2022, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE